**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 325
Las Vegas, Nevada 89104
Tel: (702) 625-3893
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| DESTINIE MULLEN, an Individual, | **CASE NO.:** |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| GREAT CLIPS INC., a Foreign Corporation, DOES I -X; and ROE CORPORATIONS I -X. | |
| Defendant. | |

The Plaintiff Destinie Mullen ("**Ms. Mullen**") by and through her attorneys, Jenny L. Foley, Ph.D., Esq. and Marta Kurshumova, Esq. of HKM Employment Attorneys LLP hereby complains and alleges as follows:

### JURISDICTION

1.   This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on race, and/or color, and for illegal retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et. seq.; for declaratory and injunctive relief and monetary damages to redress the deprivation of right secured to the Plaintiff by the

Civil Rights Act of 1871, 42 U.S.C. § 1981; for violation of Nevada Revised Statute § 613.330 et. seq; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f) (3) (unlawful discrimination and retaliation in employment).  Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. All material allegations relative to the named Defendant contained in this Complaint are believed to have occurred in the State of Nevada, Clark County.  Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4. On or about February 6, 2018, Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant named in this action with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination because on her race.

5. On or about March 29, 209, Plaintiff received her Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

6. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

/ / /

## **GENERAL ALLEGATIONS**

8.  Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9.  Plaintiff is a citizen of the State of Nevada and a resident of Clark County Nevada.

10. Defendant is Great Clips, Inc., a foreign corporation.

11. Defendant had over 500 employees at all times relevant to this matter and is therefore subject to the provisions of Title VII.

12. Plaintiff began working for Defendant as a hairstylist on September 21, 2017.

13. Plaintiff performed her job well; she consistently received positive reviews from clients and had great numbers for the store.

14. However, throughout the duration of her employment, Plaintiff experienced racial discrimination.

15. Plaintiff endured numerous racially charged and inappropriate comments and actions from her peers and management, including Holly Luther ("**Ms. Luther**"), Manager, and Christina Royale ("**Ms. Royale**"), General Manager.

16. More Specifically, in or about October 2017, Ms. Luther, a Caucasian female, told Plaintiff that she likes Plaintiff's hair because "it's big and nappy and not like normal black hair."

17. Ms. Luther further told Plaintiff that she did not understand Plaintiff's mother's ethnicity because "her skin is black like chocolate but she has blue eyes?"

18. On a different occasion, Ms. Luther commented that Plaintiff's son looked more like Ms. Luther because "black people ain't supposed to have red hair."

19. Ms. Luther would tell people that Plaintiff's son has Plaintiff's skin and the rest of his features are white like Ms. Luther's.

20. Ms. Luther would also tell Plaintiff that she herself has more of a black girls behind than Plaintiff without being black.

21. To add insult to injury, on numerous occasions, Plaintiff's co-workers, including

1   management, called her the "N" word.

2   22.   In or about November or December, staff and management were discussing who would

3         bring what food for the potluck in December.

4   23.   When Plaintiff stated she would bring "ceviche," she was told to bring "fried chicken"

5         "since she is black, she knows how to make it."

6   24.   In December, Plaintiff brought a pot of shrimp gumbo to the potluck.

7   25.   Ms. Luther, in the presence of Ms. Royale, a Caucasian female, stated that "it stinks"

8         and that "black people's food smells like vagina."

9   26.   Ms. Royale responded to Ms. Luther that she "likes black people food and Cajun food."

10  27.   Plaintiff was advised that she could not bring in any leftover seafood to eat.

11  28.   In or around December, Viktoria Karulina, a Caucasian female, an employee of

12        Defendant, shouted to Plaintiff "Hey, my Ni***!"  Plaintiff immediately responded to

13        Ms. Karulina that the comment was offensive.  Miranda Sarsorito, a Caucasian female,

14        laughed and commented to Ms. Karulina that she "said it wrong." Ms. Karulina then

15        turned to Plaintiff and stated "Sorry then, I meant, what up my Ni***?".

16  29.   Plaintiff immediately complained to Ms. Luther but Ms. Luther did nothing in response.

17  30.   In or about January 2018, Haley Goodrich, a Caucasian female, Plaintiff's co-worker,

18        told Plaintiff that Plaintiff's boyfriend "was a pimp" because he was "so big and black

19        and looked intimidating."

20  31.   Ms. Goodrich further told Plaintiff that Plaintiff is a prostitute and "a dollar must make

21        her holla."

22  32.   Furthermore, Ms. Luther commented to Plaintiff that with being able to fade black

23        men's' hair that, "it's easy once you get past the nappy part, but I can fade black hair

24        even though I'm a pasty white girl."

25  33.   On a daily basis, Jackie Derrico, Plaintiff's co-worker, would taunt Plaintiff about her

26        "nappy black hair" and her "pasty white dad who thinks he's a Ni***."

27  34.   On or about January 30, 2018, Ms. Royale approached Plaintiff to tell her she smelled

28        like weed and that she needed to go to Concentra Medical Center to have a urine analysis

1    done.

2    35.   Plaintiff, the only African American female, was the only employee asked to take such

3          a test, even though other store employees engaged in the use of marijuana.

4    36.   Plaintiff immediately complied.  Upon her return to work, Plaintiff inquired about her

5          job but she did not receive an answer from Ms. Royale.

6    37.   Immediately thereafter, Plaintiff sent an e-mail to the store's Chief Creative Officer –

7          Erica Shea ("**Ms. Shea**") complaining about the racial discrimination and disparate

8          treatment based on her race.

9    38.   Plaintiff informed Ms. Shea that 1) a number of the store employees engage in the use

10         of marijuana, and showed her a video of same; 2) Ms. Luther frequently invited the staff

11         to drink Jack Daniels on property, on company time and kept a flask in her drawer; and

12         3) on one occasion, Ms. Luther asked Plaintiff to bring "some weed" for Ms. Luther's

13         15-year-old son.

14   39.   On February 6, 2018, Ms. Shea called Plaintiff and officially terminated her.

15   40.   Plaintiff's belongings were never returned to her and she was told never to return to the

16         salon to retrieve her belongings.

17   41.   Upon information and belief, Plaintiff's belongings were either stolen or discarded by

18         Defendant's employees.

19   42.   Defendant, through management, acted toward Plaintiff with an intent to discriminate

20         against her based on her race and engaged in harassing behavior by intentionally

21         subjecting Plaintiff to frequent and severe racially charged statements and insults and

22         by singling her out for a drug test, thus creating a hostile and offensive work

23         environment.

24   43.   Defendant acted toward Plaintiff with an intent to discriminate against her based on her

25         race (African-American).

26   44.   Defendant retaliated against Plaintiff for complaining of racial discrimination to Ms.

27         Shea.

28   / / /

### FIRST CAUSE OF ACTION
**(Discrimination Based on Race in violation of State and Federal Statutes)**

45.   Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

46.   Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race.

47.   Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

48.   Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff in the workplace when managers and/or employees subjected Plaintiff to disparate terms of employment.

49.   Defendant discriminated against Plaintiff by subjecting her to unlawfully disparate, hostile, and otherwise untenable workplace conditions, including: discrimination because of her race and retaliation for reporting said discrimination to the Chief Creative Officer.

50.   No other similarly situated persons, not of Plaintiff's protected class were subject to such harsh measures for the same or substantially similar conduct.

51.   There may be more detrimental acts about which Plaintiffs are unaware, and which may constitute unlawful discrimination against Plaintiffs in their workplace.

52.   Plaintiff was duly embarrassed, humiliated, angered, and discouraged by the discriminatory actions taken against her by management and Defendant.

53.   Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

54.   Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

55. Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws. Discrimination based on race has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

56. Plaintiff suffered damages in an amount deemed sufficient by the jury.

57. Plaintiff is entitled to an award of reasonable attorney's fees.

58. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her race.

59. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
### (Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)

60. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

61. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

62. In violation of NRS 613.340 Defendant retaliated against Plaintiff after she complained of acts, which she reasonably believed were discriminatory.

63. The behavior complained of also constitutes retaliatory harassment and the creation of an illegally hostile environment.

64. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

65. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

66. Plaintiff suffered damages in an amount deemed sufficient by the jury.

67. Plaintiff is entitled to an award of reasonable attorney's fees.

68.  Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because she reported discriminatory behavior.

69.  Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION
### (Violation of the Civil Rights Act of 1871, §1981)

70.  Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

71.  Plaintiff is African-American and therefore a member of a protected class.

72.  Defendant engaged in the above-mentioned harassment and discrimination of Plaintiff with the purposeful intent to discriminate against her because of her race (African-American).

73.  Under similar circumstances, other, White or non-African American employees were not reprimanded or subjected to a racially hostile working environment.

74.  Plaintiff was subject to disparate treatment and retaliation through diminished work conditions, disrespectful and unwarranted interference with Plaintiff's duties, and favorable behavior toward the white employees on the team, which is *prima facie* evidence of purposeful intent to discriminate against Plaintiff because of her race.

75.  Plaintiff suffered damages in an amount deemed sufficient by the jury.

76.  Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

77.  Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly violated Plaintiff's rights under Section 1981 of the Civil Rights Act of 1871.

78.  Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## **FOURTH CAUSE OF ACTION**
### **(Negligent Supervision/Retention/Hiring)**

79. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

80. Defendant had an obligation to provide Plaintiff with a workplace free of threat, harassment, retaliation, deprivation of her civil and constitutional rights, and denigration by her superiors and/or co-workers.

81. Defendant ignored Plaintiff's complaint regarding the discrimination and harassment she suffered.

82. Defendant knew or should have known of its employees' proclivities for improper, unreasonable, harassing and retaliatory actions such that an exercise of reasonable care would have stopped and/or prevented such conduct.

83. Defendant failed to properly and effectively train its employees that engaging in retaliatory conduct is illegal and improper.

84. Defendant failed to ensure that its employees, in particular Ms. Luther, Ms. Royale, Ms. Karulina, Ms. Sarsorito, among others, did not engage in any discriminatory, harassing and/or retaliatory behavior on their behalf or in retaliation for reporting racial discrimination.

85. Defendant's failure to properly hire, supervise and/or retain its employees and address their discriminatory and retaliatory conduct in an appropriate manner caused injury to Plaintiff.

86. Plaintiff suffered damages in an amount deemed sufficient by the jury.

87. Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

88. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly subjected Plaintiff to racial discrimination and retaliation for reporting such discrimination by failing to properly hire, train, or supervise their employees.

89. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an

1  amount deemed sufficient by the jury.

2  **WHEREFORE,** Plaintiff prays this court for:

3      a.  A jury trial on all appropriate claims;

4  moreover, to enter judgment in favor of the Plaintiff by:

5      b.  Awarding Plaintiff an amount sufficient to fully compensate her (including tax

6          consequences) for all economic losses of any kind, and otherwise make him

7          whole in accordance with Title VII;

8      c.  General damages;

9      d.  Special damages;

10      e.  An award of compensatory and punitive damages to be determined at trial;

11      f.  Pre and post-judgment interest;

12      g.  An award of attorney's fees and costs; and

13      h.  Any other relief the court deems just and proper.

14  Dated this 27th Day of June, 2019.

15                  **HKM EMPLOYMENT ATTORNEYS LLP**

16

17                  */s/ Jenny L. Foley*

18                  **JENNY L. FOLEY, Ph.D., Esq.**
                Nevada Bar No. 9017

19                  E-mail: jfoley@hkm.com
                Marta D. Kurshumova, Esq.

20                  Nevada Bar No. 147028
                1785 East Sahara, Suite 300

21                  Las Vegas, Nevada 89104
                Tel: (702) 805-8340

22                  Fax: (702) 625-3893
                *Attorneys for Plaintiff*

23

24

25

26

27

28