SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendant Great Clips, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DESTINIE MULLEN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>NUGENT, LLC, a Nevada limited liability company; GREAT CLIPS INC, a foreign corporation, DOES I-X; and ROE CORPORATIONS I-X.<br><br>Defendant. | Case No.: 2:19-cv-01109-GMN-EJY<br><br>**STIPULATION AND ORDER FOR AN EXTENSION TO STAY DISCOVERY DURING PENDENCY OF DEFENDANT GREAT CLIPS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**(FIRST REQUEST)** |

Pursuant to LR IA 6-1, LR IA 6-2 and LR 7-1, Plaintiff Destinie Mullen ("Plaintiff") and Defendant Great Clips, Inc. ("Great Clips"), by and through their respective counsel of record, hereby stipulate and agree to stay discovery in this matter during the pendency of Great Clip's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") (ECF No. 54).

Courts have broad discretion to control discovery. When a court considers a request to stay discovery, the Court must consider whether (1) the underlying motion is dispositive of the entire case and (2) whether the motion can be decided without additional discovery. *Tradebay, LLC. V. eBay, Inc.,* 278 F.R.D. 597, 602 (D. Nev. 2011). While Great Clips' Motion is not dispositive of the entire case as against both Defendants, Nugent, LLC and Great Clips, the Motion is dispositive of all of Plaintiff's claims as against Great Clips. And, regardless of whether the case is dispositive

of the "entire case," the Court may also consider and has the authority to stay discovery if the Court finds a reasonable basis to do so, and if the Court is convinced that Plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green,* 294 F.R.D. 579, 581 (D. Nev. 2013).

As articulated in Great Clips' Motion (ECF No. 54), this is an employment case. Each of Plaintiff's claims against Great Clips in the Second Amended Complaint requires her to allege (and ultimately demonstrate) that she was an employee of Great Clips. She does not allege that she is an employee Great Clips. (*See* ECF No. 40, Second Amended Complaint). Rather, she has alleged, and Nugent, LLC has admitted, that she is an employee of Nugent, LLC. (*See* ECF No. 40, ¶ 13, Second Amended Complaint, and ECF No. 48, General Allegations, ¶ 1 Defendant Nugent, LLC's Answer to Second Amended Complaint (Nugent admits that Plaintiff began working for it as a hairstylist on September 21, 2017.).) Indeed, although Plaintiff named "Great Clips, Inc." as the defendant employer in the original Complaint (ECF No. 1), she soon voluntary dismissed "Great Clips, Inc.," stating that Defendant Nugent, LLC was the "proper entity subject to suit." (ECF No. 6, Notice of Voluntary Dismissal of Great Clips.)

Otherwise, also as discussed in Great Clips' Motion, Plaintiff has failed to adequately state any claim against Great Clips. There are no allegations in the Second Amended Complaint specifically directed at Great Clips or that allege any specific wrongdoing or improper action by Great Clips in support of the asserted claims. The one-and-only allegation in the Second Amended Complaint about Great Clips is in reference to a franchise agreement with Nugent, LLC. It is Great Clips' position that this lone allegation is simply not enough to state a claim against Great Clips, and, as a matter of law, franchisors are not automatically deemed joint employers with their franchisees. (*See* ECF No. 54, p. 5-9, Great Clips' Motion to Dismiss, and ECF No. 40, at ¶ 11, Plaintiff's Second Amended Complaint).

Great Clips further contends Plaintiff's claims are subject to dismissal because the statute of limitations on all of her claims, including her statutory and tort claims, has expired. (ECF No. 54, p. 9-13, Great Clips Motion to Dismiss). Although Plaintiff first named "Great Clips, Inc." as the defendant-employer in the original lawsuit, when she chose to voluntarily dismiss it, identifying her employer and the "real party in interest" as Nugent, LLC, the statute of limitations

- 2 -

on her claims continued to run. *Wang and Wang LLP, v. Baco do Brasil S.A.*, Civil Case No. 2:06-cv-00761-JAM-KJM, 2008 WL 5070133, at *2 (E.D. Cal., Nov. 26, 2008). She filed the original Complaint on June 26, 2019. (ECF No. 1). She dismissed "Great Clips, Inc." on July 7, 2019. (ECF No. 6). She did not attempt to bring "Great Clips, Inc." back into the litigation until one and one-half years later, on February 26, 2021, with the filing of the Second Amended Complaint. (ECF No. 40). By that time, assuming (*arguendo*) she exhausted her administrative remedies against "Great Clips, Inc.", her 90-day window within which to file her statutory claims had lapsed. The two year statute of limitations on her tort claims has also lapsed. Plaintiff alleges that her last date of employment was February 6, 2018. (ECF No. 40, at ¶ 40). Thus, she had until February 6, 2018 to file her tort claims. Taking into consideration the nine (9) days "Great Clips, Inc." was in the case before being dismissed, thus tolling the statute of limitation for that brief period of time, the statute of limitations would be extended to February 29, 2020. But again, she did not bring Great Clips back into the case until February 26, 2021, approximately one year after the statute of limitations on the tort claims also lapsed.

Lastly, as set forth in detail in Great Clips Motion, Plaintiff did not exhaust her administrative remedies against it. Her administrative charge named "Great Clips, Inc." but was addressed to Nugent, LLC, described her experiences as an employee of Nugent, LLC, and the Notice of Right to Sue was sent to Nugent, LLC. (*See* ECF No. 54, p. 14-17). Her failure to exhaust her administrative remedies against the franchisor Great Clips legally bars her claims against it. *See e.g., Andrade v. Arby's Restaurant Group, Inc*., No. 15-CV-03175 NC, 2015 WL 6689475 (N.D. Cal. Nov. 3, 2015).

Ultimately, as discussed, a stay of discovery during the pendency of its Motion is warranted consistent with applicable precedent in this jurisdiction. *See e.g., Laborers' International Union North America, Local 872 v. City of Las Vegas*, 2019 WL 11880385, Case No.: 2-19-CV-00322-GMN-NJK, *1-2 (April 23, 2019, D. Nev.); *Goldberger v. Smartcare OS, LLC,* Case No. 2:16-CV-01884-RFB-NJK, 2017 WL 11591610, *1-2 (March 14, 2017).

Great Clips is also confident that no additional discovery will demonstrate that (1) it is Plaintiff's employer; (2) Plaintiff's claims are not barred by the applicable statute of limitations;

or (3) that Plaintiff did not fail to exhaust her administrative remedies as to Great Clips. Further, Great Clips believes that a stay in this instance will accomplish the objectives of Rule 1, *i.e.* "to secure the just, speedy and inexpensive determination of this action." *See Tradebay,* 278 F.R.D. at 603, 608 ("[T]his court's role is to evaluate the proprietary of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."); *see also* Fed. R. Civ. R. 1.

Lastly, as this Stipulation demonstrates, while Plaintiff may not be in agreement with Great Clips' legal position, and reserves the right and intends to respond to its Motion to Dismiss, Plaintiff has nevertheless stipulated to a stay of discovery with Great Clips pending a decision on the Motion.

This Stipulation is made in good faith and is not intended for purposes of delay.

| DATED this 25th day of May, 2021. | DATED this 25th day of May, 2021. |
|---|---|
| HKM Employment Attorneys LLP | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| /s/ *Jenny L. Foley* | /s/ *Suzanne L. Martin* |
| Jenny L. Foley, Ph.D.<br>Nevada Bar No. 9017<br>1785 East Sahara, Suite 325<br>Las Vegas, NV  89104<br>*Attorney for Plaintiff* | Suzanne L. Martin<br>Nevada Bar No. 8833<br>Wells Fargo Tower<br>Suite 1500<br>3800 Howard Hughes Parkway<br>Las Vegas, NV  89169<br>*Attorneys for Defendant Great Clips, Inc.* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

May 26, 2021
_____
DATED